IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TAURUS SA,<br><br>      Plaintiff,<br> v.<br><br>ONEOF, INC.,<br><br>      Defendant. | C.A. No. 1:22-cv-01546-CFC |

## ANSWER TO COMPLAINT

Defendant OneOf, Inc. ("OOI"), by its attorneys, answers the complaint of Plaintiff Taurus SA ("Taurus") as follows:

## INTRODUCTION

1. Paragraph 1 of the Complaint describes the action and does not contain factual allegations as to which a response is required. To the extent a response is required, the allegations are denied, except to the extent specified in the responses to factual allegations set forth below.

## THE PARTIES

2. Denies knowledge or information sufficient to form a belief as to the truth of ¶ 2, except admits that Taurus is a Switzerland societe anonyme.

3. Denies the first sentence of ¶ 3, except admits that OOI is a Delaware corporation with an office at 2045 Biscayne Blvd No. 333, Miami, FL 33137. Admits the second sentence of ¶ 3.

## JURISDICTION AND VENUE

4. Paragraph 4 states a legal conclusion as to which no response is required, except OOI admits that the amount in controversy exceeds $75,000.

5. The first sentence of ¶ 5 states a legal conclusion as to which no response is required, except OOI admits that it is incorporated in Delaware. Denies the second sentence of ¶ 5.

6. Paragraph 6 states a legal conclusion as to which no response is required, except OOI admits that it is incorporated in Delaware.

## FACTUAL BACKGROUND

7. Denies ¶ 7, except admits that OOI executed a Taurus-Protect Agreement on or about April 21, 2021.

8. Denies the first sentence of ¶ 8, except admits that the Taurus-Protect Agreement concerns a digital asset storage solution. Denies the second and third sentences of ¶ 8, except admits that these allegations accurately describe certain provisions of the Taurus-Protect Agreement and refers the Court to its terms.

9. Denies ¶ 9, except admits that OOI executed a Taurus-Explore Agreement on or about April 21, 2021.

10. Denies ¶ 10, except admits that these allegations accurately describe certain provisions of the Taurus-Explore Agreement and refers the Court to its terms.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 11.

12. Admits ¶ 12.

13. Admits ¶ 13.

14. Denies ¶ 14, except admits that after the initial contracts were made, there were communications indicating that Bitcoin and Ethereum were to be included as blockchains to be supported by Taurus.

15. Admits ¶ 15.

16. Admits ¶ 16.

17. Denies ¶ 17, except admits that the referenced invoice has not been paid.

18. Admits ¶ 18.

19. Admits the first and third sentences of ¶ 19.  Denies the second sentence and refers the Court to the referenced letter for its content.

20. Denies ¶ 20, except admits that certain invoices have not been paid.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 21, except admits that the referenced invoices have not been paid.

22. Denies ¶ 22, except admits that the August 8, 2022 letter was sent to Taurus and refers the Court to its content.

23. Denies ¶ 23, except admits that the referenced invoices have not been paid.

24. Denies ¶ 24.

## COUNT I

25. The prior responses are incorporated.

26. Paragraph 26 states a legal conclusion as to which no response is required. To the extent a response is required, OOI denies ¶ 26, except admits that the Taurus-Protect Agreement is a contract.

27. Denies ¶27.

28. Denies ¶ 28.

29. Denies ¶ 29.

30. Denies ¶ 30.

31. Denies ¶ 31

## COUNT II

32. The prior responses are incorporated.

33. Paragraph 33 states a legal conclusion as to which no response is required. To the extent a response is required, OOI denies ¶ 33, except admits that the Explore Agreement is a contract.

34. Denies ¶ 34.

35. Denies ¶ 35.

36. Denies ¶ 36.

37. Denies ¶ 37.

38. Denies ¶ 38.

## COUNT III

39. The prior responses are incorporated.

40. Denies ¶ 40.

41. Denies ¶ 41.

## AFFIRMATIVE DEFENSES

OOI asserts the following defenses without assuming a burden of proof on any issue that would otherwise rest on Taurus. It reserves its right to assert additional defenses upon the discovery of facts not presently known.

## FIRST AFFIRMATIVE DEFENSE

The amounts claimed are not due because Taurus failed to perform.

## SECOND AFFIRMATIVE DEFENSE

Taurus failed to mitigate its damages.

## THIRD AFFIRMATIVE DEFENSE

Certain invoiced charges do not comply with the contracts.

## DEMAND FOR JURY TRIAL

Defendant OOI demands a jury trial as provided by Fed. R. Civ. P. 38(a) as to all issues or claims for which a jury trial is allowed.

WHEREFORE, OOI respectfully requests that the Court enter judgment against Taurus dismissing the complaint and awarding OOI its costs, disbursements and such other relief as the Court deems proper.

**FOX ROTHSCHILD LLP**

*/s/ Nathan D. Barillo*
Nathan D. Barillo (No. 5863)
919 N. Market St., Ste. 300
Wilmington, DE  19801
Telephone: (302) 427-5518
Facsimile: (302) 656-8920
Email: nbarillo@foxrothschild.com

–and–

Mitchell Berns (admitted pro hac vice)
101 Park Avenue
New York, NY 10178
Telephone: (212) 878-7900
Email: mberns@foxrothschild.com

*Counsel for Defendant OneOf, Inc.*

Dated: January 27, 2023